KAEDIAN LLP
KATHERINE C. MCBROOM (SBN 223559)
Kmcbroom@kaedianllp.com
HENRY L. WHITEHEAD (SBN 284676)
hwhitehead@kaedianllp.com
280 S. Beverly Dr., Ste. 209
Beverly Hills, CA 90212
Telephone: (310) 893-3372
Facsimile: (310) 893-3191

Attorneys for Plaintiff
FEDERAL INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL INSURANCE COMPANY, a New Jersey Company<br><br>Plaintiff,<br><br>v.<br><br>EFFECTUS GROUP, LLC, a California Limited Liability Company<br><br>Defendants. | Case No: 5:24-cv-2025<br><br>**PLAINTIFF FEDERAL INSURANCE COMPANY'S COMPLAINT FOR:**<br><br>1.) **NEGLIGENCE**<br><br>2.) **APPARENT AGENCY AND/OR OSTENSIBLE AGENCY**<br><br>[DEMAND FOR JURY TRIAL] |

# PLAINTIFF'S COMPLAINT

Plaintiff, by and through the undersigned counsel, hereby demands judgment against the Defendant and complains against them as follows:

## THE PARTIES

1. Plaintiff, Federal Insurance Company, is a corporation organized and existing under the laws of the State of New Jersey and with its principal place of business in New Jersey at the address set forth above.

2. At all times relevant hereto, Plaintiff provided insurance coverage to Mondee Holdings, LLC, Mondee, Inc., and other related affiliate and subsidiary companies (collectively hereinafter "Plaintiff's insured"), doing business in San Mateo, California.

3. Defendant, Effectus Group, LLC (hereinafter "Effectus"), is a limited liability corporation organized and existing under the laws of the State of California and with its principal place of business in California at the address set forth above.

## JURISDICTION AND VENUE

4. This Court has jurisdiction in this action pursuant to 28 U.S.C. §1332(a)(2), as the matter involves a dispute between corporations that are citizens of different states; namely, Plaintiff in the State of New Jersey and Defendant in the State of California, and the amount in controversy, exclusive of interests and costs, exceeds $75,000.00.

5. Venue is proper in this District pursuant to 28 U.S.C. §1391(a) as a substantial part of the events or omissions giving rise to this action occurred in this jurisdiction and Defendant resides in this jurisdiction.

## STATEMENT OF FACTS

6. On or before November 30, 2021, Defendant and Plaintiff's insured conducted business together and, pursuant to such, Defendant sent Plaintiff's insured invoices requesting that Plaintiff's insured pay for the goods/services provided by Defendant.

7.      Additionally, on or before November 30, 2021, Defendant allowed its email and/or computer system to be improperly accessed and/or otherwise compromised by one or more unauthorized individuals acting with malintent ("bad actors").

8.      On or before November 30, 2021, the bad actors used the email account associated with Defendant to improperly communicate with Plaintiff's insured regarding the invoices Defendant had previously requested Plaintiff's insured pay.

9.      On or before November 30, 2021, the bad actors fraudulently instructed Plaintiff's insured in a deceptive manner to pay an invoice by wiring money to a specific bank account that was not actually associated with Defendant.

10.     The bad actors implied and represented to Plaintiff's insured that the bank account to which the monies would be wired belonged to Defendant, when in fact, it was controlled by the bad actors.

11.     Plaintiff's insured had no reason to suspect that Defendant had allowed such bad actors to improperly access Defendant's email account and, therefore, Plaintiff's insured believed it was communicating with Defendant, and that the bank account belonged to Defendant.

12.     However, in an abundance of caution, Plaintiff's insured called and texted an employee of Defendant to confirm the payment instructions. Defendant failed to advise that the payment instructions were fraudulent.

13.     On November 30, 2021, Plaintiff's insured made a wire payment, to the bank account controlled by the bad actors.

14.     On December 1, 2021, Plaintiff's insured discovered that the bank account did not belong to the Defendant but was unable to retrieve any of the transferred funds.

15.     Plaintiff's insured subsequently submitted an insurance claim to Plaintiff for the loss of such funds and, upon payment of said claim, Plaintiff became subrogated to the rights of its insured to seek recovery of the funds from any responsible party to extent of said payments. Additionally, Plaintiff's insured assigned to Plaintiff its rights to seek recovery of its self-insured retention and uninsured losses.

# COUNT I - NEGLIGENCE

16. The Defendant owed Plaintiff's insured a duty to use, maintain, and secure its computer and email systems in a reasonable manner so as to not harm Plaintiff's insured.

17. It was foreseeable to Defendant that the failure to properly and securely use and maintain its computer and email systems could create an unreasonable risk of harm to Plaintiff's insured, and/or others with whom Defendant communicated with regularly in the course of its business concerning payment of monies.

18. Defendant breached this duty through its employees, agents (whether apparent, actual, or by estoppel), servants, technicians, vendors, and/or subcontractors by the following negligent acts or omissions:

    a. failing to prevent bad actors from improperly accessing and commandeering its computer and email systems;

    b. failing to install or employ adequate security mechanisms, safeguards, or protocols so as to prevent bad actors from improperly accessing and compromising its computer and emails systems;

    c. failing to adequately instruct those with access and management rights to such systems how to properly use, maintain, and secure such systems in a safe and appropriate manner;

    d. failing to warn Plaintiff's insured and others that its computer and email systems were improperly accessed or compromised or that the payment instructions were fraudulent;

    e. otherwise failing to prevent the bad actors from using its computer and email systems to perpetrate this scheme against Plaintiff's insured when Defendant was in the best position to prevent it;

    f. representing and/or holding out to Plaintiff's insured that users of the email account that Defendant allowed to be improperly accessed/compromised by the bad actors had authority or were otherwise agents of Defendant with respect to the payment of invoices.

19. As a direct and proximate result of the negligence and carelessness of Defendant, the Plaintiff's sustained and incurred a loss totaling $166,806.83.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter judgement in its favor and against the Defendant for damages in an amount in excess of $166,806.83, together with interest, costs and such other relief as this Honorable Court deems appropriate under the circumstances.

## COUNT II - APPARENT AGENCY AND/OR OSTENSIBLE AGENCY

17. Defendant's lack of ordinary care allowed bad actors to access and use its email account system to communicate with Plaintiff's insured regarding the payment of invoices.

18. Defendant had represented and/or held out to Plaintiff's insured (implicitly and/or explicitly) that users of such email account system had authority to act as a representative, employee, or otherwise as an agent of Defendant with respect to its business affairs, including the payment of invoices.

19. Accordingly, at all times relevant hereto, because of Defendant's actions or omissions, Plaintiff's insured, without fault of its own, reasonably believed the bad actor(s) were a representative, employee, or otherwise an agent of Defendant and Plaintiff's insured followed the payment instructions given by the bad actor(s), leading to the loss.

20. Therefore, Defendant is liable to Plaintiff for its loss of $166,806.83 for the acts of the bad actors under the theories of apparent agency and/or ostensible agency.

//
//

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter judgement in its favor and against the Defendant for damages in an amount of $166,806.83, together with interest, costs and such other relief as this Honorable Court deems appropriate under the circumstances.

DATED: April 3, 2024　　　　　　　　　　KAEDIAN LLP

By: *Henry L. Whitehead*
KATHERINE C. MCBROOM
HENRY L. WHITEHEAD
Attorneys for Plaintiff
**FEDERAL INSURANCE COMPANY**

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

DATED: April 3, 2024　　　　　　　　　　KAEDIAN LLP

By: *Henry L. Whitehead*
KATHERINE C. MCBROOM
HENRY L. WHITEHEAD
Attorneys for Plaintiff
**FEDERAL INSURANCE COMPANY**